UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIO ZAPPA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PLYMOUTH COUNTY CORRECTIONAL ) <br> FACILITY, et al. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 17-10175-FDS |

## ORDER

**SAYLOR, J.**

On January 27, 2017, Antonio Zappa, who is confined at the Plymouth County Correctional Facility ("PCCF"), submitted a document captioned as a "Motion for an Emergency Restraining Order." According to the motion, Zappa is a federal prisoner whose incarceration is due to end in June 2017. He asserts that he is in imminent danger because PCCF staff will not allow him to keep nitroglycerin tablets on him. Zappa represents that, in light of his history of serious heart problems, he needs to be able to access nitroglycerin tablets immediately should he begin to experience the symptoms of a heart attack.

The plaintiff asks that he be immediately transferred back into the custody of the United States Marshals Service ("USMS") and possibly sent to FMC Devens.

Zappa names as defendants the Plymouth County Correctional Facility, the Plymouth County Sheriff's Department, and the "Plymouth County Sheriff and all of Its Deputies."

For the foregoing reasons, the Court hereby orders:

1.  The Court shall treat the motion as a complaint and an emergency motion for a preliminary injunction ("Complaint/Motion").

2. A summons shall issue as to the Plymouth County Sheriff. Zappa shall serve the summons, Complaint/Motion, and a copy of this order on the Plymouth County Sheriff in accordance with Rule 4 of the Federal Rules of Civil Procedure and Local Rule 4.1. Although Zappa has 90 days to complete service, he should act promptly to ensure that service is completed as soon as possible.

3. Zappa may elect to have the USMS complete service with all costs of service to be advanced by the United States. If so asked by the plaintiff, the USMS shall serve a copy of the summons, Complaint/Motion, and this order upon the defendant as directed by plaintiff. The plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each party to be served. The clerk shall provide the plaintiff with forms and instructions for service by the USMS.

4. Plymouth County Correctional Facility shall be dismissed as a defendant because it is only a building, and therefore not a suable entity. *See, e.g.*, *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam); *Mardsen v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).

5. Plymouth County Sheriff Department shall be dismissed as a defendant. As an arm of the Commonwealth of Massachusetts, *see* Mass. St. 2009, ch. 61, § 3, the Eleventh Amendment provides the Plymouth County Sheriff Department immunity from suit in federal court unless the Commonwealth has waived or Congress has abrogated this immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007). This action does not present a claim for which Eleventh Amendment immunity has been waived or abrogated.

6. The Plymouth County Sheriff shall, within five calendar days of the date of this order, file with the Court a status report in which he: (a) summarizes the status of Zappa's cardiovascular health; (b) indicates whether Zappa is able to keep nitroglycerin tablets on his person or in his cell; (c) if the response to (b) is negative, explain the reasoning behind this decision[1] and identify the amount of time it would take for Zappa to have access to a nitroglycerin tablet in an emergency situation.

**So Ordered.**

Dated: February 2, 2017

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

---

[1] The Court notes that, under the regulations of the Massachusetts Department of Correction ("DOC"), a prisoner in the custody of the DOC is allowed to keep nitroglycerin tablets on him "as these may prove to be life-sustaining medications." 103 D.O.C. § 661.07(1)(a). This is permitted even where prison officials have (1) suspended or terminated the prisoner's right to keep other prescription medication on him; or (2) confiscated other medication from the prisoner for any reason. *See id.*